# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

STATE DEVELOPMENT AND
INVESTMENT COMPANY ZHONGLU
FRUIT JUICE CO., LTD.,

      Plaintiff,

     v.

HAISHENG INTERNATIONAL, INC.,

      Defendant.

---

Civil No. 14-512 (NLH/AMD)

**OPINION**

**APPEARANCES**:

CRAIG R. TRACTENBERG
NIXON PEABODY, LLP
437 MADISON AVENUE
NEW YORK, NY 10022-7001
    *On behalf of plaintiff*

MATTHEW SEAN INGLES
JAMES H. MCQUADE (pro hac vice)
ORRICK HERRINGTON & SUTCLIFFE LLP
51 WEST 52ND STREET
NEW YORK, NEW YORK 10019-6142
    *On behalf of defendant*

**HILLMAN, District Judge**

    This case involves claims that defendants misappropriated trade secrets.  Presently before the Court is the motion of Plaintiff State Development and Investment Company Zhonglu Fruit Juice Co., Ltd. ("SDICZL") for leave to file an amended complaint.  For the reasons expressed below, plaintiff's motion will be denied, and its case dismissed without prejudice.

**BACKGROUND**

Plaintiff SDICZL, a Chinese corporation, specially manufactures in China a sweet potato juice concentrate, a key component of Campbell Soup's V8 V-Fusion product.  How plaintiff developed and manufactures its product are trade secrets and are maintained in the strictest confidence by the company and its employees.

Plaintiff claims that China Haisheng, a Chinese corporation which is the parent to defendant Haisheng International, Inc. ("HII"), a New York entity, secretly hired Li Yinjie, a former employee of plaintiff, to obtain unauthorized access to plaintiff's trade secrets.  Plaintiff claims that China Haisheng used plaintiff's trade secrets to create an illegal knock-off of plaintiff's sweet potato juice concentrate to be used in Wal-Mart's "Great Value" brand version of Campbell's V-Fusion product.  Plaintiff claims that China Haisheng worked in concert with HII and defendant Clement Pappas[1] to bring the knock-off sweet potato juice into the United States for use in the American market.

Plaintiff has not lodged claims against China Haisheng in this suit.  Instead, plaintiff claims that HII and Clement

---

[1] During the pendency of plaintiff's motion, plaintiff settled its claims against Clement Pappas.

Pappas knew of the illegal use of plaintiff's trade secrets to make the knock-off product, and they acted in concert with China Haisheng to bring it into the United States for distribution. By way of example, plaintiff claims that China Haisheng mislabeled refrigerated drums of the knock-off sweet potato juice concentrate, shipped them to HII, which delivered them to Clement Pappas for the final manufacturing process for the production of Wal-Mart's "Great Value" V8-Fusion-like product. Plaintiff has asserted two claims against HII:  Count One for misappropriation of trade secrets and confidential information, and Count Two for unjust enrichment.

HII moved to dismiss plaintiff's complaint, but during the pendency of that motion, plaintiff moved for leave to file an amended complaint.  The Court denied HII's motion to dismiss, finding that the sufficiency of plaintiff's claims against HII should be considered in the context of evaluating plaintiff's proposed first amended complaint.  HII has opposed plaintiff's attempt to amend its complaint, arguing that it would be futile and it is being advanced with improper delay.

## DISCUSSION

### A.  Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship

between the parties and the amount in controversy exceeds
$75,000.  Plaintiff is a Chinese corporation and defendant HII
is a New York corporation with its principal place of business
in New York.

B.    **Standard for Motion for Leave to Amend**

Amendments to pleadings are governed by Federal Civil
Procedure Rule 15, which provides that the Court "should freely
give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).
The Third Circuit has shown a strong liberality in allowing
amendments under Rule 15 in order to ensure that claims will be
decided on the merits rather than on technicalities.  Dole v.
Arco Chemical Co., 921 F.2d 484, 487 (3d Cir. 1990); Bechtel v.
Robinson, 886 F.2d 644, 652 (3d Cir. 1989).  An amendment must
be permitted in the absence of undue delay, bad faith, dilatory
motive, unfair prejudice, or futility of amendment.  Grayson v.
Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (citing
Foman v. Davis, 371 U.S. 178, 182 (1962)).  Amendment of the
complaint is futile if the amendment will not cure the
deficiency in the original complaint or if the amended complaint
cannot withstand a renewed motion to dismiss.  Jablonski v. Pan
American World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988);
see also Massarsky v. General Motors Corp., 706 F.2d 111, 125
(3d Cir. 1983) ("The trial court may properly deny leave to

4

amend where the amendment would not withstand a motion to dismiss.").

## DISCUSSION

HII has objected to plaintiff's amended complaint on several bases.  First, HII argues that China Haisheng is an indispensable party under Federal Civil Procedure Rule 19, and China Haisheng must be added to the complaint, but that doing so would defeat the Court's subject matter jurisdiction because the citizenship of plaintiff and China Haisheng is not diverse.  HII alternatively argues that even if China Haisheng is not considered an indispensable party, plaintiff has failed to assert claims for misappropriation of trade secrets and for unjust enrichment because HII is simply a United States shipping company that had nothing to do with China Haisheng's alleged theft of plaintiff's trade secrets to create the knock-off sweet potato juice concentrate, all of which conduct occurred in China.  Third, HII argues that plaintiff's amended complaint should not be permitted because it is being proffered after undue delay.

Plaintiff counters that China Haisheng is not indispensable to the case because HII is jointly and severally liable for its participation in the misappropriation of plaintiff's trade secrets by virtue of transporting the knock-off product into the

United States for use in American products.  Plaintiff argues
that filing suit in China against China Haisheng for
misappropriation of trade secrets, as HII contends is the proper
course, would not address HII's participation in the scheme.
Relatedly, even though plaintiff does not claim that HII itself
stole its trade secrets and manufactured the knock-off juice,
plaintiff claims that HII had reason to know of the trade secret
theft and it received a benefit from that theft, thus stating a
claim for misappropriation against HII.  Ultimately, plaintiff
argues that HII should not be insulated from liability for
knowingly bringing sweet potato juice made with plaintiff's
stolen trade secrets into the United States, to the benefit of
HII and its parent company, by virtue of claiming it is only a
shipping company and a distinct entity from the parent company
that perpetrated the theft and manufactured the knock-off.

The Rule 19 indispensable party analysis and the assessment
of the sufficiency of plaintiff's trade secret misappropriation
claim are intertwined.  The Federal Civil Procedure Rule 19
standard for determining whether joinder of a party is
compulsory is well-established:  "A court must first determine
whether a party should be joined if 'feasible' under Rule 19(a).
If the party should be joined but joinder is not feasible
because it would destroy diversity, the court must then

determine whether the absent party is 'indispensable' under Rule 19(b).  If the party is indispensable, the action therefore cannot go forward."  <u>Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.</u>, 11 F.3d 399, 404 (3d Cir. 1993).

Here, China Haisheng cannot be joined because doing so would destroy diversity jurisdiction:  both plaintiff and China Haisheng are considered citizens of China.  Presumably, plaintiff would directly assert misappropriation and unjust enrichment claims in this action against China Haisheng but for the fact that its joinder would deprive the court of subject matter jurisdiction.  Thus, in order to determine whether the case must be dismissed because joinder of China Haisheng is not feasible, the inquiry is whether China Haisheng is truly indispensable to the matter.

Rule 19 provides guidance:

If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.  The factors for the court to consider include:

    (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

    (2) the extent to which any prejudice could be lessened or avoided by:

        (A) protective provisions in the judgment;
        (B) shaping the relief; or
        (C) other measures;

>      (3) whether a judgment rendered in the person's
>          absence would be adequate; and
>
>      (4) whether the plaintiff would have an adequate
>          remedy if the action were dismissed for
>          nonjoinder.

Fed. R. Civ. P. 19(b).

Plaintiff argues that China Haisheng is not indispensable to the case because HII is jointly and severally liable for its participation in the entire trade secret theft scheme. Even though China Haisheng used plaintiff's former employee to gain access to plaintiff's trade secrets and develop and manufacture its own competing sweet potato juice concentrate from use of that proprietary information, plaintiff argues that HII is liable for that conduct by virtue of its role in the second part of the scheme: bringing the knock-off juice into the United States to compete with the legitimate product made by plaintiff.

To prevail in New Jersey[2] upon a claim for misappropriation of a trade secret, a trade secret owner must establish that: (1) a trade secret exists; (2) the information comprising the trade secret was communicated in confidence by plaintiff to the

---

[2] Plaintiff contends that New Jersey law applies to its claims. For the purposes of its opposition to plaintiff's motion for leave to amend its complaint, HII assumes that New Jersey law applies, but reserves the right to contest the applicability of New Jersey law. Without making any finding as to the proper choice of law in this case, the Court will assume that New Jersey law applies to plaintiff's claims for the sole purpose of assessing plaintiff's motion to amend.

employee; (3) the secret information was disclosed by that employee and in breach of that confidence; (4) the secret information was acquired by a competitor with knowledge of the employee's breach of confidence; (5) the secret information was used by the competitor to the detriment of plaintiff; and (6) the plaintiff took precautions to maintain the secrecy of the trade secret. Rycoline Prods., Inc. v. Walsh, 756 A.2d 1047 (N.J. Super. App. Div. 2000), cert. denied, 762 A.2d 659 (N.J. 2000).

In its opposition to plaintiff's motion to amend its complaint, HII mainly focuses on the fourth and fifth factors. HII argues that it cannot be considered a "competitor" that "used" the trade secret, as it is just a shipping company that does not manufacture competing juice products. Plaintiff does not contest HII's description of itself, but plaintiff contends that HII was an active participant in the entire scheme, from China Haisheng's development of the knock-off sweet potato juice concentrate to its delivery to Clement Pappas in the United States.

Under New Jersey law, a civil conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict

a wrong against or injury upon another, and an overt act that
results in damage." Banco Popular North America v. Gandi, 876
A.2d 253, 263 (N.J. 2005) (citations omitted). "It is enough
[for liability] if you understand the general objectives of the
scheme, accept them, and agree, either explicitly or implicitly,
to do your part to further them." Id. (citation omitted).
Moreover, "[c]ivil conspirators are jointly liable for the
underlying wrong and resulting damages." Id. (citation
omitted). Relatedly, where claims are advanced against
defendants under theories of joint and several liability,
including conspiracy claims, the missing joint tortfeasor or co-
conspirator is not considered indispensable to the action. See
Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 422 (3d
Cir. 2010) ("Weighing the Rule 19(b) factors, Pyrotecnico is not
an indispensable party in this case. The claims against Wood
and Pyrotecnico jointly, including the conspiracy claims, allege
theories of joint and several liability, which need not be tried
together under state law.").

The problem with plaintiff's proposed amended complaint is
that plaintiff has not affirmatively pleaded that HII and China
Haisheng are jointly and severally liable for plaintiff's trade
secret misappropriation claim,[3] and plaintiff has not asserted a

---

[3] How the claim of "misappropriation of trade secret" can be

civil conspiracy claim.  Although the complaint alleges that

HII, Clement Pappas, and China Haisheng "worked together" and

"acted in concert," (see ¶¶ 17, 20, 27(b)), to steal plaintiff's

trade secrets, manufacture knock-off juice concentrate,

transport it into the United States, and distribute it in the

American market to compete with the product using plaintiff's

juice concentrate, plaintiff's misappropriation claim is

asserted collectively against "defendants."  Without any

averments of joint and several liability, a stand-alone civil

conspiracy claim, or more specific allegations as to HII's and

Clement Pappas' involvement in the misappropriation, the

complaint does no more than make "bald assertions" or "legal

conclusions" about HII's liability for misappropriation that the

Court cannot credit.  See In re Burlington Coat Factory Sec.

Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  Consequently,

-----

enforced is not entirely clear under New Jersey law.  See Grow
Company, Inc. v. Chokshi, 959 A.2d 252, 267-68 (N.J. Super. Ct.
App. Div. 2008) (quoting Sun Dial Corp. v. Rideout, 16 N.J. 252,
260, 108 A.2d 442 (1954)) ("[T]he right to enforce a trade
secret may be viewed in a number of ways: Different grounds have
indeed been assigned for the exercise of that jurisdiction [to
enjoin disclosures of trade secrets].  In some cases it has been
referred to property, in others to contract, and in others,
again, it has been treated as founded upon trust or confidence,
meaning, as I conceive, that the Court fastens the obligation on
the conscience of the party, and enforces it against him in the
same manner as it enforces against a party to whom a benefit is
given the obligation of performing a promise on the faith of
which the benefit has been conferred . . . .").

the Court does not need to determine whether China Haisheng is an indispensable party to plaintiff's misappropriation claim because that claim is not sufficiently pleaded.

Similarly, plaintiff has insufficiently pleaded its unjust enrichment claim.  The court in Goldsmith v. Camden County Surrogate's Office, 975 A.2d 459, 462-63 (N.J. Super. Ct. App. Div. 2009) (citations and quotations omitted) explained the concept of unjust enrichment under New Jersey law:  "The doctrine of unjust enrichment rests on the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another.  A cause of action for unjust enrichment requires proof that defendant[s] received a benefit and that retention of that benefit without payment would be unjust."

HII argues that plaintiff cannot maintain its unjust enrichment claim against it because no contractual relationship existed between HII and plaintiff, and therefore the unjust enrichment doctrine is inapplicable.  HII is correct that typically, "[u]njust enrichment is not an independent theory of liability, but is the basis for a claim of quasi-contractual liability."  Id. (citation omitted); see also Napier v. Public Service Elec. and Gas Co., 2014 WL 3444670, *4 (N.J. Super. Ct. App. Div. 2014) (quoting Callano v. Oakwood Park Homes Corp., 219 A.2d 332 (N.J. Super. Ct. App. Div. 1966)) ("'[Q]uasi-

12

contract [unjust enrichment] cases involve either some direct relationship between the parties or a mistake on the part of the person conferring the benefit.'").

The New Jersey courts have held, however, that "a claim for unjust enrichment may arise outside the usual quasi-contractual setting." Napier, 2014 WL 3444670 at 4 (citing Goldsmith, 975 A.2d 459 at 462). Thus, the fact that no contractual-like relationship exists between plaintiff and HII is not instantly fatal to the maintenance of an unjust enrichment claim.

The problem with plaintiff's unjust enrichment claim is that plaintiff conclusorily pleads that "defendants" "gained a benefit" by the misappropriation of plaintiff's trade secrets, and it is "unjust for defendants to retain the benefit they have gained at plaintiff's expense." (Amend. Compl. ¶¶ 29, 31.) When the Court properly disregards this claim's legal conclusions, there are no factual elements left to accept as true. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citing Iqbal, 129 S. Ct. at 1950). Even accepting that HII was part of the scheme to bring knock-off sweet potato juice concentrate into the United States, it is entirely a mystery as to what benefits HII gained by its involvement in the scheme.[4]

---

[4] It is also unclear whether an unjust enrichment claim can be maintained as a stand-alone claim in the absence of any other claims in the complaint. See, e.g., Southeastern Pennsylvania

Did HII get special kickbacks from China Haisheng for shipping the drums of juice?  Did HII receive a share of the profits from the sale of the juice concentrate to the manufacturer of Wal-Mart's version of the V-Fusion product?  By simply pleading that HII was unjustly benefited by China Haisheng's alleged theft of plaintiff's trade secrets is insufficient to state an unjust enrichment claim under Twombly/Iqbal.

**CONCLUSION**

The Court finds that plaintiff's two counts are insufficiently pleaded, and, therefore, the Court does not need to consider whether the complaint should be dismissed for failure to join China Haisheng as an indispensable party.  Because plaintiff's claims would not withstand a motion to dismiss, the Court must deny plaintiff's motion for leave to amend its complaint.  Because plaintiff's original complaint contains the same exact claims with even less detail about the alleged scheme, it must be dismissed without prejudice.  An appropriate Order will be entered.


Date: May 26, 2015                    s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.
_____

Transp. Authority v. Gilead Sciences, Inc., 2015 WL 1963588, *10 (E.D. Pa. 2015) ("We have previously noted that many federal courts have nonetheless found that unjust enrichment is not a stand-alone cause of action but rather just a restitution claim.").